# CASES

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1885.

## FRANK S. BRESSLER
### v.
## THOMAS S. BEACH AND GEORGE G. KEEFER.

*Action of Trespass against Sheriff and Deputy Sheriff—Right of Assignee of Plaintiff in Execution to Control Process—Notice—Fraudulent Sale—Possession—Instructions—Practice.*

1. The assignee of the plaintiff in an execution has an undoubted right to control such process. But an officer engaged in the service of process is not bound to regard the directions of one whose interest therein is in no way indicated by or upon such process, or otherwise brought to his attention.

2. In an action against a Sheriff and Deputy Sheriff for taking certain horses, it is *held:* That the evidence justifies the conclusion that the supposed sale of the horses by the defendant in certain executions to his son, the appellant, was fraudulent and void as against creditors; that there had been no delivery of the horses to appellant; that it does not appear that the officer had notice of the assignment of the judgments to the appellant and of his ownership of the executions prior to the levy and sale, and that the instructions when considered together were substantially correct.

3. Where the court has sustained an objection to the admission of documentary evidence, the error, if any, is cured by the subsequent admission of such evidence when offered by the adverse party.

[Opinion filed June 8, 1886.]

APPEAL from the Circuit Court of Whiteside County.

(423)

Messrs. C. J. Johnson and O. F. Woodruff, for appellant.

Mr. J. E. McPheran, for appellees.

Baker, J.  This was trespass by appellant against appellees, Sheriff and Deputy Sheriff of Whiteside County, for taking four horses.  The general issue was filed, and with it notice in writing of special matter in justification, to the effect the horses were the property of Peter Bressler and in his possession, and were taken by virtue of two executions issued out of the office of the Clerk of the Circuit Court of Whiteside County, upon judgments in favor of Frances Bressler and against Peter Bressler and August Schwertferger.  The result of a jury trial was a verdict and judgment for appellees.

We think the evidence not only abundantly justifies the conclusion that the supposed sale of the horses by Peter Bressler to his son, the appellant, was fraudulent and void as against creditors, but also the further conclusion there had been no delivery of them to appellant, and that they were at the time they were levied upon in the possession and under the control of Peter Bressler, the defendant in the executions.  There was, however, some conflict in the testimony upon this latter question ; and if appellant was in possession, then such possession was sufficient to sustain the action against appellees, even though Peter Bressler was the real owner of the property seized, unless they had lawful authority to take the goods and chattels of Peter Bressler.  *Tort feasors* can not justify a trespass by showing property in a third person.  The right of appellees to levy upon the property of Peter Bressler was established, at least *prima facie*, by the two executions and judgments against him and Schwertferger which were in evidence before the jury; and it was wholly unimportant that the court had sustained an objection when they were offered as testimony by appellees, as they were afterward admitted in evidence at the instance of appellant, and it was the province and duty of the jury to pass upon the evidence as a whole.

It is objected, however, that the two judgments had been assigned on the record to appellant; that he thereby became

the real owner of and plaintiff in them and the executions issued thereon, and had a right to control such executions; and that he directed the Deputy Sheriff not to make the levies, which direction was disregarded and the property seized and sold.   The plaintiff in an execution, or his or her assignee, has an undoubted right to control such process; and in this case the assignments of the judgments were shown.   The only litigated questions upon this point were, whether instructions had been given as claimed, and whether the officer had notice of the assignments, and that appellant was the owner of the execution prior to the levy or the sale of the horses.

The only evidence tending to show either notice of the assignment to or ownership by appellant of the judgments, or that either the levy or sale was forbidden by him, was his written notice to the Deputy of December 18, 1884, the day after the levy was indorsed, and his statement as to what was said between him and the Deputy at the time of such indorsement.   His statement in regard to the conversation with the Deputy was, that he told Keefer the horses were his and he did not want him to take them—did not want him to have anything to do with them; that they were talking about the execution, and Keefer said he had the execution against his father and Schwertferger, and Schwertferger had given a bond indemnifying him in seizing the horses, and that he came out to make a levy, and was going to levy on some horses.   That thereupon he said to Keefer, "I don't want you to levy on my horses, they belong to me;" and Keefer replied that he couldn't help it.   That he then told Keefer he would rather he would return the execution than to make the levy, and that if there was any tender necessary in order to make the execution returnable, he would make a tender; and that Keefer answered that no tender was necessary, but that he was going to make the levy anyway.   The language of the written notice was: "You are hereby notified that the five horses (describing them) which you have levied upon with an execution in favor of Frances Bressler, and against Peter Bressler and .August Schwertferger, belong to me, and I hereby forbid you from taking or in any way meddling with said property."

If anything in the conversation even hinted at the fact of appellant's ownership of the judgments, it was couched in language so ambiguous and uncertain that it can hardly be held to have been reasonably sufficient to put the Deputy upon inquiry. And the written notice, given before the horses were taken from the premises, seems by its very terms to exclude the idea that appellant had any proprietary interest in the judgments and executions, and the demand made in it was predicated solely upon a claim of ownership of the horses. It may also be stated, that there was nothing appearing upon the executions, by way of indorsement or otherwise, showing or intimating that he had any interest in them.

In the instructions given by the court the jury was told that if the officer knew, or was informed by appellant, or had reasonable grounds to suppose appellant was the owner of the judgments and executions, and if appellant gave instructions not to levy on the property, which were disregarded, then appellees could not justify under the executions, and that in such case it was immaterial, so far as the appellant's right of recovery was concerned, whether the sale of the property by Peter Bressler to him was fraudulent as to creditors or not.

It is evident from the instructions and the verdict that the jury must have passed upon the question of notice to appellees of the ownership of appellant of the judgments and executions, and must have found from the evidence that the officer making the levy and sale neither knew nor was informed of the assignment of the judgments, or had reasonable grounds to suppose that appellant was the owner of them. We are not prepared to say such finding was improper. From all that appeared upon the executions appellant was a stranger to them ; and he should have notified the officer of his interest therein, or at least have made such statements and claim as would be reasonably calculated to put the officer upon inquiry. A Sheriff engaged in the service of process is not bound to regard the directions of one whose interest in it is in no way indicated by or upon such process, or otherwise brought to his attention. The instructions of the court in this case were not altogether harmonious or accurate, but when considered

together were substantially correct.  The defects in those
given for appellees were fully cured by other instructions
given at the instance of appellant.  As a whole, they were
more favorable to appellant than the circumstances of the case
justified.   We think that substantial justice has been done by
the verdict of the jury and judgment of the court.

The judgment is affirmed.

*Affirmed.*